UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STATE OF WASHINGTON, DEPARTMENT OF HEALTH,<br><br>                   Plaintiff,<br>    v.<br><br>THE GEO GROUP, INC.,<br><br>                   Defendant. | CASE NO. C24-5639 BHS<br><br>ORDER |

This matter is before the Court on its own motion. The Department of Health (DOH) filed this action is Thurston County Superior Court, seeking to enjoin the GEO Group, Inc., from denying it access to the Northwest ICE[1] Processing Center (the NWIPC) so that the agency may conduct an inspection under RCW 43.70.170. This state statute authorizes DOH to inspect any place containing a condition constituting a threat to the public health.

---

[1] Immigration and Customs Enforcement.

ORDER - 1

1    GEO removed the action to this Court under the "federal officer" removal statute,
2  28 U.S.C. § 1442(a)(1). Dkt. 1, ¶ 9 ("[T]his case is removable on the grounds of federal
3  officer removal jurisdiction pursuant to 28 U.S.C. § 1442(a)(1).").
4    A party seeking removal under § 1442(a)(1) "bears the burden of showing that (a)
5  it is a 'person' within the meaning of the statute; (b) there is a causal nexus between its
6  actions, taken pursuant to a federal officer's directions, and plaintiff's claims; and (c) it
7  can assert a 'colorable federal defense.'" *Goncalves ex rel. Goncalves v. Rady Children's
8  Hosp. San Diego*, 865 F.3d 1237, 1244 (9th Cir. 2017) (internal quotation marks omitted)
9  (quoting *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1251 (9th Cir. 2006)). At
10 least one federal district court has opined that, when determining whether a defense is
11 colorable under this statute, "[i]t is the sufficiency of the facts stated—not the weight of
12 the proof presented—that matters." *Hagen v. Benjamin Foster Co.*, 739 F. Supp. 2d 770,
13 782–83 (E.D. Pa. 2010). Therefore, "a defense is colorable . . . if the defendant asserting
14 it identifies facts which, viewed in the light most favorable to the defendant, would
15 establish a complete defense at trial." *Id.* at 783.
16   GEO asserts five federal defenses that it believes to be colorable: (1) that it is
17 entitled to "derivative sovereign immunity" against DOH's claim under RCW 43.70.170,
18 Dkt. 1, ¶¶ 25–27; (2) that DOH's attempt to inspect the NWIPC under this statute directly
19 regulates the federal government in violation of the intergovernmental immunity doctrine,
20 *id.* ¶¶ 28–29; (3) that DOH's attempt to inspect the NWIPC under this statute
21 impermissibly discriminates against GEO in violation of the intergovernmental immunity
22 doctrine, *id.* ¶¶ 30–33; (4) that this statute is field preempted by ICE's Performance

Based National Detention Standards (PBNDS), *id.* ¶¶ 34–36; and (5) that this statute is conflicted preempted, presumably also by the PBNDS. *Id.* ¶¶ 37–38.

After GEO removed this case, DOH filed a motion to preliminarily enjoin GEO from denying it access to the NWIPC so that it may inspect the facility under RCW 43.70.170. Dkt. 7. DOH's motion does not address whether GEO asserts a "colorable" federal defense to its state-law claim, although it contends that each of GEO's federal defenses are meritless. *See id.* at 12–19.

The Court recognizes the need for urgency in addressing the issues in this case, but it also has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006).

The Court is not persuaded that GEO asserts a colorable federal defense to DOH's claim. In a separate order in a related case, the Court expressly rejected GEO's "derivative sovereign immunity" defense as related to a different, yet similar, generally-applicable state safety and health law, RCW 49.17.070. *See* Dkt. 50 at 19–23, in *Dep't of Labor and Indus. v. GEO Secure Serv., LLC*, No. C24-5095 BHS. The Court finds no reason why that reasoning does not apply here. The Court has also rejected, in another order, the apparent bases for GEO's "direct regulation" intergovernmental immunity defense, field preemption defense, and conflict preemption defense. *See GEO Grp., Inc. v. Inslee*, ___ F. Supp. 3d ___, No. C23-5626 BHS, 2024 WL 1012888, at *18–22 (W.D. Wash. Mar. 8, 2024). The Court similarly finds no reason why that reasoning does not apply here.

ORDER - 3

1    Finally, the Court is not presently persuaded that GEO asserts a colorable defense
2    that RCW 43.70.170 impermissibly discriminates against GEO as the operator of the
3    NWIPC. This statute authorizes DOH to "investigate, examine, sample or inspect *any*
4    article or condition constituting a threat to the public health," as that term is used in the
5    statute. RCW 43.70.170 (emphasis added). "For purposes of such investigation, the
6    secretary or the secretary's representative shall at all times have free and unimpeded
7    access to *all* buildings, yards, warehouses, storage and transportation facilities or *any*
8    other place." *Id.* (emphasis added).
9    In support of GEO's impermissible discrimination defense, the notice of removal
10   asserts that, "when faced with a true public health emergency associated with the
11   worldwide COVID-19 pandemic, the DOH did not exercise its authority under RCW
12   43.70.170 to investigate the deplorable conditions in Washington state prisons that
13   resulted in at least 43 deaths in just one year." Dkt. 1, ¶ 32. GEO accordingly argues that
14   DOH's "current attempt to enter the NWIPC to investigate alleged 'public health
15   concerns' pursuant to RCW 43.70.170 imposes upon the federal government and those
16   with whom it deals burdens and costs that comparable state or private entities do not
17   bear." *Id.* ¶ 33.
18   Again, RCW 43.70.170 is a generally applicable state safety and health law. On its
19   face, it plainly does not discriminate against GEO as the operator of the NWIPC. The
20   Court is not convinced that DOH's application of this statute to state prisons during the
21   COVID-19 pandemic—a circumstance that is not present here—supports a colorable
22

federal defense that DOH's attempt to inspect the NWIPC under this statute discriminates against GEO in violation of the intergovernmental immunity doctrine.

The sole issue in this case appears to be whether any of the complained of conditions at the NWIPC constitute a "threat to the public health," as that term is used in RCW 43.70.170. That is a state law issue, not a federal one.

GEO is accordingly **ORDERED** to **SHOW CAUSE** why this case should not be remanded to the Thurston County Superior Court. GEO shall file a brief addressing this issue on or before the end of business on Tuesday, August 27, 2024. That brief shall not exceed 15 pages. DOH may file a response brief, also not to exceed 15 pages, on or before the end of business on Tuesday, September 3, 2024. No reply brief is necessary.

Pending resolution of whether this Court has subject matter jurisdiction over this case, DOH's motion for a preliminary injunction, Dkt. 7, is **TERMINATED**. If jurisdiction is established, the Court will re-note that motion and set a briefing schedule for response and reply briefs.

**IT IS SO ORDERED**.

Dated this 19th day of August, 2024.

BENJAMIN H. SETTLE
United States District Judge