UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STATE OF WASHINGTON,
DEPARTMENT OF HEALTH,

                    Plaintiff,

        v.

THE GEO GROUP, INC.,

                    Defendant.

CASE NO. C24-5639 BHS

ORDER

THIS MATTER is before the Court following the Ninth Circuit's memorandum opinion[1] reversing this Court's Order remanding the case to Thurston County, and directing this Court to hold an evidentiary hearing to determine whether defendant GEO's derivative immunity[2] and direct regulation federal defenses are "colorable." GEO's pending omnibus motion, Dkt. 32, asks the Court to vacate the scheduled hearing and for

---

[1] The Ninth Circuit affirmed this Court's rejection of GEO's discrimination and preemption defenses. Dkt. 22 at 5–6.

[2] The Supreme Court clarified that *Yearsley* provides a federal defense, not an immunity from suit. *GEO Grp., Inc. v. Menocal*, 607 U.S. ----, 146 S. Ct. 774, 784 (2026). Consistent with the parties' filings, the Court refers to GEO's derivative sovereign immunity defense as the *Yearsley* defense.

ORDER - 1

various evidentiary rulings. The State agreed and the Court cancelled the hearing. Dkt. 45. GEO's motion[3] is to that extent **GRANTED**.

After GEO's motion was filed, GEO and ICE executed a new contract. Dkt. 52. The parties have exchanged extensive briefing on the contract's impact on GEO's federal defenses, and have otherwise thoroughly briefed the narrow, threshold question of whether GEO has met the low bar of establishing that its remaining federal defenses are colorable. Dkts. 42, 46, 49, 55, 57, 58, and 59.

The federal officer removal statute creates federal jurisdiction over actions brought in state court against "any officer (or any person acting under that officer) of the United States or of any agency thereof . . . for or relating to any act under color of such office." 28 U.S.C. § 1442(a)(1). The statute's purpose is "'to ensure a federal forum in any case where a federal official is entitled to raise a defense arising out of his duties.'" *Goncalves ex rel. Goncalves v. Rady Children's Hosp. San Diego*, 865 F.3d 1237, 1244 (9th Cir. 2017) (quoting *Arizona v. Manypenny*, 451 U.S. 232, 242 (1981)). To satisfy this requirement, the removing party "bears the burden of showing that (a) it is a 'person' within the meaning of the statute; (b) there is a causal nexus between its actions, taken pursuant to a federal officer's directions, and plaintiff's claims; and (c) it can assert a 'colorable federal defense.'" *Id.* (quoting *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1251 (9th Cir. 2006)).

---

[3] The Court has reviewed and considered all the evidence submitted on this issue.

ORDER - 2

A plaintiff may move to remand by raising "either a facial attack or a factual attack on the defendant's jurisdictional allegations." *Leite v. Crane Co.*, 749 F.3d 1117, 1122 (9th Cir. 2014). The district court resolves a facial attack by accepting the removing party's allegations as true and drawing all reasonable inferences in the removing party's favor in order to determine whether the allegations are sufficient as a legal matter to invoke federal jurisdiction. *Id.* at 1121. A factual attack contests the truth of the removing party's factual allegations. In response, the removing party "must support its jurisdictional allegations with competent proof . . . under the same evidentiary standard that governs in the summary judgment context." *Id.* (citations omitted). The party seeking removal ultimately "bears the burden of proving by a preponderance of the evidence that each of the requirements for subject-matter jurisdiction has been met." *Id.*

DOH argues that GEO has no colorable federal defense to its continued defiance of state public health law. Dkt. 58. It argues that "GEO overstates ICE's control over GEO's Tacoma facility" and that GEO "retains the discretion" to allow facility access to public health officials performing a public health inspection. *Id.* at 9–10. DOH contends that GEO provides no evidence that "ICE ordered GEO to deny entry within the scope of ICE's authority." *Id.* at 10. It argues that the new contract has not "materially changed the facts in this case," but that even if it did, "[c]ontracts must bend to the law, not the other way around." *Id.* at 5.

GEO argues that its "federal defenses are not just colorable; they bar the requested relief." Dkt. 57 at 6–7. It asserts that "ICE retained authority over access to the facility; GEO lacked (and lacks) authority to grant access to the facility without ICE approval;

ICE denied access to the DOH inspectors; and ICE acted within the scope of its authority when it denied access." Dkt. 59 at 5. It asserts that the new contract makes clear that "ICE, not GEO, holds ultimate authority over access to the secure portions of NWIPC and that any visitor, including law enforcement, must receive pre-clearance and pre-approval from ICE." Dkt. 57 at 7. It relies on the contract, CCTV footage, and sworn testimony to confirm that ICE controls access to NWIPC and that ICE alone denied access to DOH. *Id.*; Dkt. 32 at 5.

Courts give § 1442 a "generous and liberal construction, interpreting the statute broadly in favor of removal." *DeFiore v. SOC LLC*, 85 F.4th 546, 553 (9th Cir. 2023) (citation modified) (quoting *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1251 (9th Cir. 2006)). At this stage, the relevant question is not whether GEO's federal defense arguments are meritorious. *Leite*, 749 F.3d at 1124 ("[A] defendant invoking § 1442(a)(1) need not win his case before he can have it removed.") (citation modified)). GEO must prove "by a preponderance of the evidence" only that its government contractor defense is 'colorable.'" *Id.* So long as the federal defense is not "immaterial," "wholly insubstantial," or "frivolous," it satisfies the "low bar" for removal. *DeFiore v. SOC LLC*, 85 F.4th 546, 560 (9th Cir. 2023) (internal quotations omitted) (quoting *Bell v. Hood*, 327 U.S. 678, 682–83 (1946)).

The Court concludes that GEO has met this low standard. Its *Yearsley* and direct-regulation defenses are "colorable" for § 1442 purposes. The parties do not dispute that ICE employees played a significant role in denying DOH entry. *See* Dkt. 9 at 3 (DOH's own inspector reported that ICE employee, White, was in the group that denied access.").

ORDER - 4

"[W]hether the challenged act was outside the scope of [the ICE officer's] official duties, or whether it was specifically directed by the federal Government, is one for the federal—not state—courts to answer." *Leite*, 749 F.3d at 1124.

GEO's federal defenses are colorable. The parties' continued disagreement about their substantive merit need not be, and are not, resolved here, but the State's motion to remand this case to Thurston County is **DENIED**.

* * *

Consistent with its prior minute orders, Dkts. 12 and 15, DOH's motion for a preliminary injunction, Dkt. 7, and GEO's Rule 19 motion to dismiss for failure to join a necessary party, Dkt. 13, are **RE-NOTED** for June 26, 2026. The parties may file updated briefs by June 11 and responses by June 26.

**IT IS SO ORDERED**.

Dated this 21st day of May, 2026.

_____
BENJAMIN H. SETTLE
United States District Judge

ORDER - 5