UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STATE OF WASHINGTON,
DEPARTMENT OF HEALTH,

               Plaintiff,

    v.

THE GEO GROUP, INC.,

               Defendant.

CASE NO. C24-5639 BHS

ORDER

THIS MATTER is before the Court on plaintiff State of Washington's motion for a preliminary injunction, Dkt. 62, and defendant GEO Group's motion to dismiss, Dkt. 67.

This matter is parallel to another case before this Court, *The GEO Grp. v. Ferguson*, No. C23-5626-BHS. The parties are well-versed in the facts and procedural history of both these cases. In the interest of brevity, the Court incorporates by reference the factual context discussed in its prior Orders, Dkt. 60, and No. C23-5626-BHS, Dkts. 69 and 82.

ORDER - 1

The State moves to enjoin GEO from refusing the Department of Health access to the Northwest Immigration and Customs Enforcement Processing Center under chapter 43.70 RCW. Dkt. 62. It contends that Washington law entitles the Department to investigate GEO's Tacoma facility because it "constitut[es] a threat to the public health." *Id.* at 7 (citing RCW 43.70.170). It argues it is likely to succeed on the merits because it has a statutory right to inspect the facility and GEO's asserted federal defenses—preemption, *Yearsley*, and intergovernmental immunity—will fail. *Id.* at 12–22. It contends absent an injunction, the State risks irreparable harm to the wellbeing of the detainees and GEO employees at the facility. *Id.* at 22–23. Finally, it argues the balance of equities and public interest weigh heavily in its favor. *Id.* at 23–24.

GEO moves to dismiss the State's suit for failure to join ICE as a required party. Dkt. 67. It argues ICE is indispensable under Rule 19 because immigration detention is traditionally a federally regulated field, ICE controls the facility, and by contract, ICE limits access to the facility's secured areas. *Id.* at 9, 13–15. It argues that proceeding without ICE would impar ICE's interests or expose GEO to inconsistent obligations, and that because ICE enjoys sovereign immunity, it cannot be joined, and the case must be dismissed. *Id*. at 22–23.

Although this matter arises under a different statutory framework, RCW 43.70.170 rather than RCW 70.395.050, the parties' motions mirror closely the arguments made in *Ferguson*, No. C23-5626-BHS, Dkts. 63, 76, 80, 83, 88, 91, and 93. The State seeks a similar injunction, and GEO seeks dismissal for the same reasons.

ORDER - 2

The Court here affirms the reasoning of its Order Granting the State's Preliminary Injunction and Denying GEO's Motion to Dismiss in *Ferguson*, No. C23-5626-BHS, Dkt. 95. The State's motion, Dkt. 62, is therefore **GRANTED**, and GEO's motion to dismiss, Dkt. 67, is **DENIED**.

The GEO Group shall admit Washington Department of Health inspectors to the Tacoma facility to enforce RCW 43.70.170, except with respect to ICE-controlled administrative and medical areas. The State has not demonstrated it is likely to succeed in enforcing its statutory authority in those ICE-operated areas.

It is up to GEO's discretion whether its employees or agents accompany the State's inspectors. Any inspection does not authorize review and copying of any ICE records. If the Department of Health deems necessary specific documents, it may seek additional relief.

GEO seeks the Court's direction in the event ICE refuses access. The Court's injunction is directed at GEO, and if GEO disregards the Order, the Court will consider appropriate sanctions upon the State's request.

To ensure compliance, GEO shall provide written notice of this Order within 48 hours to all employees employed at the Tacoma facility.

The injunction is **STAYED** for 14 days to allow the parties the opportunity to appeal.

**IT IS SO ORDERED.**

//

//

ORDER - 3

Dated this 9th day of July, 2026.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 4